[Civ. No. 103.   Third Appellate District.—April 6, 1906.]

A. ALPER et al., Plaintiffs, v. PATRICK TORMEY, Appellant. L. WITTENMYER, Assignee in Insolvency of UNION STOCKYARD COMPANY, Intervener, Respondent.

REPLEVIN FOR STEEL RAILS—JUDGMENT FOR INTERVENER—CLAIM OF LIEN FOR STORAGE—SUPPORT OF FINDING.—In an action of replevin for steel rails, in which an intervener, as assignee of an insolvent corporation, recovered judgment, and a claim by defendant of a lien for storage of the rails on his land was denied, where it appeared that defendant had been president of the corporation and a stockholder therein, *held*, upon defendant's appeal, upon review of the evidence, that findings that the corporation was the owner of the rails, and that defendant agreed to store them on his land, without compensation, were sufficiently supported.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.   Further facts are stated in the opinion of the court upon appeal of plaintiffs reported in 1 Cal. App. 634, [82 Pac. 1063].

R. H. Lattimer, and L. F. Tormey, for Appellant.

M. R. Jones, for Intervener, Respondent.

Louis H. Brownstone, for Plaintiffs.

CHIPMAN, P. J.—Action to recover from defendant Tormey the possession or the value of certain sixty tons of steel

rails.  L. C. Wittenmyer, as assignee of the Union Stockyard Company, an insolvent debtor, filed a complaint in intervention, claiming that the property belonged to said insolvent debtor.  Defendant Tormey answered the plaintiff's complaint, claiming that said rails were delivered to him as bailee by one A. S. Garretson for safekeeping and that he, defendant, has a lien on the rails as security for services in "safely and securely keeping the said steel rails," which services he alleged to be of the value of $1,500.  He further alleged that one E. J. Randall is the owner of the rails as successor to said Garretson.  Plaintiffs answered the complaint in intervention denying the ownership and right of possession of the stockyard company, and alleged that prior to the commencement of the action said company sold and transferred to plaintiffs the said rails and that plaintiffs are now the owners thereof and entitled to possession.  Defendant Tormey also answered the complaint in intervention specifically denying its allegations and averring a lien as set forth in his answer to the plaintiffs' complaint.  Judgment passed for the intervener and this appeal is by defendant, Tormey, from the judgment and from the order denying his motion for a new trial.  The cause was here on the appeal of plaintiffs, and as to them the judgment was affirmed.  (*Alper* v. *Tormey,* 1 Cal. App. 634, [82 Pac. 1063].)

The only question now here is whether the evidence was sufficient to support the findings that the Union Stockyard Company is the owner of the rails as alleged in its complaint and that defendant Tormey agreed to store them without compensation.  In his brief appellant does not claim ownership in Randall, and we shall assume that the allegation of such ownership, alleged in his answer, is waived.  He now claims that the evidence fails to show ownership in the Union Stockyard Company, and that if ownership in anybody is shown, it is in Garretson, which, if true, defeats the action.  It appears from the testimony of appellant Tormey that a quantity of steel rails, among them the rails in question, was, in the year 1890, deposited on his land, near the property of the company, by Garretson; that Garretson was a stockholder in the company, as was appellant, who was also president of the

company from 1892 to 1895; that the company used a large quantity of the rails as they were needed, which were taken from the place where stored on appellant's land and with his knowledge and without objection, many being so used by appellant's direction while he was president of the company and for its purposes; that appellants supposed at the time they were so stored on his land that the rails belonged to the company and were to be used for the improvement of its property and that appellant never claimed to own any of the rails and now makes no claim of ownership to them; that appellant never made any claim for storage until this action was commenced; that he "never gave any attention to the protection of these rails" as he "thought they would protect themselves"; that when they were delivered on his property it was understood that Garretson "could have the rails at any time he wanted them." He testified further: "I knew the Union Stockyard Company helped themselves to these rails so I presumed it was understood at the time that the agreement was to deliver these rails to the Union Stockyard Company." As to his claim for storage appellant testified: "I base my claim to the $1,500 storage on the interest that the money would have fetched me for the land which they promised to take from me." The land referred to did not include the land on which the rails were stored. We think there was sufficient evidence to support the findings.

The officers and stockholders of the company seem to have been the only persons who assumed or exercised any ownership of the rails and this was done for the company alone; no other persons had any use for the rails or showed by evidence that they had or made claim of ownership. The evidence justified the inference that the rails belonged to the company. When the rails were stored on appellant's land it was with his consent and without any understanding that he was to charge for storage and no claim for storage was made by appellant at any time either before, or after, or while he was president of the company. Under his direction as president as well as by the direction of the vice-president and manager of the company with appellant's consent, the company made use of the rails as required, and as we have seen

it was not until this action was brought that appellant asserted any claim for storage. And his claim then was not for storage services rendered, but, as he testified, it was for interest on the money he expected to receive for the sale of certain land to the company, but which it failed to purchase.

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.